UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| OTHA NOWLIN, III, )<br>   Plaintiff, )<br>)<br>v. )<br>)<br>ALLEN COUNTY JAIL, *et al.*, )<br>   Defendants. ) | No. 1:12 CV 284 |

## OPINION and ORDER

Otha Nowlin, III, a pro se prisoner, filed a civil rights complaint. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S.

at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). "In order to state a claim under § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Here, Nowlin claims that he is a sovereign citizen. He argues that because he is a sovereign citizen, he is being illegally held in the Allen County Jail by order of a state court judge. He is "suing for illegal detaining and unconstitutional acts . . . ." (DE # 1 at 3.) As a result, he is attempting to sue the judge, the sheriff, and the jail commander. These claims are frivolous. "Regardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts. These theories should be rejected summarily, however they are presented." *United States v. Benabe*, 654 F.3d 753, 767 (7th 2011).

Though Nowlin also makes reference to numerous conditions at the jail,* he has not provided an adequate factual basis to plausibly state a claim against any of these

---

* Nowlin mentions not being given access to a law library, but it is unclear why he needs to go to a law library because it appears that he has a criminal defense attorney. He complains about being charged for items at the commissary and that the jail does not pay taxes. He notes that some inmates have no underwear or shoes, but he does not say for how long nor whether he is one of those inmates. He filed a grievance asking for a peanut butter sandwich. In that grievance he unbelievably states that he lost nearly fifty pounds in two and a half weeks.

defendants. "[A] plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original). Therefore, this complaint will be dismissed as frivolous.

For the foregoing reasons, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915A because it is frivolous. The clerk shall enter final judgment.

**SO ORDERED.**

Date: September 7, 2012

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT